**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VITO J. PARISE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 C |
| | ) | |
| v. | ) | |
| | ) | |
| INTEGRATED SHIPPING SOLUTIONS, INC., | ) | **PLAINTIFF DEMANDS** |
| a Wisconsin Corporation; Derrick Olson, an | ) | **TRIAL BY JURY** |
| individual; and Brett Stubblefield, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes the Plaintiff, VITO J. PARISE, an individual, and complains against Defendants INTEGRATED SHIPPING SOLUTIONS, INC, a Wisconsin Corporation, Derrick Olson, an individual, and Brett Stubblefield, an individual, as follows:

### COUNT I

**BREACH OF EMPLOYMENT CONTRACT
AGAINST INTEGRATED SHIPPING SOLUTIONS**

1. Plaintiff VITO J. PARISE is a citizen and resident of the State of Illinois, County of Cook.

2. Defendant INTEGRATED SHIPPING SOLUTIONS, INC. ("ISS") is a Wisconsin corporation with its principal place of business in Waukesha, Wisconsin.

3. Defendant Derrick Olson is President of ISS and is a citizen and resident of the State of Wisconsin.   Defendant Olson has daily operational control of ISS.

4. Defendant Brett Stubblefield is Vice President of ISS and is a citizen and resident of the State of Wisconsin.   Defendant Stubblefield has daily operational control of ISS.

5. This case arises under the laws of the United States, specifically the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*., and this Court has original jurisdiction of this cause under 28 U.S.C. §§ 1331 and 1343.   This Court has supplemental jurisdiction over Plaintiff's state law claims.   28 U.S.C. §1367.

6. In addition, the matter in controversy between Plaintiff and Defendants exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. At all times material herein, ISS maintained an office in the State of Illinois located at 1600 Golf Road in Rolling Meadows.   Plaintiff was authorized by ISS to act as its agent and employee, transacting business for ISS from the Rolling Meadows office within the State of Illinois, as well as other states.

8. Defendants transacted business within Illinois, including Cook County, in person, by telephone, and by e-mail.

9. Pursuant to 28 U.S.C. §1391, venue is proper in this judicial district as Defendants maintained a business office in this district, transacted business in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

10. Plaintiff was originally employed by Defendant ISS as its Chief Strategy Officer by virtue of an Executive Employment Agreement ("Agreement") dated August 20, 2013. (Exhibit "A" attached hereto and incorporated herein).

11. On or about Friday, August 29, 2014, Plaintiff advised Defendants by e-mail that under

the terms of his Agreement his salary should have been increased as of August 15, 2014, but was not.   Defendants did not reply to Plaintiff's e-mail.

12. On September 4, 2014, Defendants met with Plaintiff and terminated his employment, claiming in a letter signed by Defendant Olson that Plaintiff's termination was due to his "failure to perform the duties of the Employee's position in a satisfactory manner." (Exhibit "B" attached hereto and incorporated herein).

13. Defendant failed to provide any notice or warn Plaintiff of any deficiencies in his performance prior to his termination.

14. The claim that Plaintiff "failed to perform the duties of his position in a satisfactory manner" was false, as Defendants well knew when it made that charge.

15. Also on September 4, 2014, at the same time they terminated Plaintiff's employment Defendants made a written offer to participate in a joint venture with Plaintiff. Defendants proposed to pay Plaintiff a sum of money to perform basically the same services that Plaintiff had performed as an employee of ISS, but this time as an independent contractor without salary or benefits.  (Exhibit "C" attached hereto and incorporated herein).  Plaintiff rejected the joint venture arrangement proposed by Defendants.

16. Defendants have failed and refused to pay to Plaintiff the compensation and severance due to him pursuant to the written Agreement of employment between the parties.

17. Defendants failed to give the 90-day notice to terminate without cause as provided in the agreement.

18. Plaintiff has fulfilled all conditions precedent required of him pursuant to the Agreement

3

between the parties.

19. Defendants' failure to pay to Plaintiff the compensation due under the Agreement between the parties is a material breach of that agreement.

20. Plaintiff is entitled to interest on the unpaid portion of the amounts due to him pursuant to the provisions of 815 ILCS 205/2.

**WHEREFORE,** VITO J. PARISE prays that the Court grant the following relief:

1. Enter judgment for Plaintiff against INTEGRATED SHIPPING SOLUTIONS, INC. for lost wages, benefits and severance in an amount due pursuant to the written Agreement of the parties, including interest until such amounts have been paid;

2. Plaintiff's consequential damages;

3. Plaintiff's costs of suit; and

4. For such other and further relief to which this Court finds is due to Plaintiff.

## COUNT II

**FAILURE TO PAY FINAL COMPENSATION UNDER THE ILLINOIS
WAGE PAYMENT AND COLLECTION ACT AGAINST ALL DEFENDANTS**

21. Plaintiff incorporates and realleges paragraphs 1 through 20 as though fully set forth in this Count II.

22. On or about September 4, 2014, Defendants Olson and Stubblefield met with Plaintiff and advised him of his termination.

23. There was in full force and effect at the time of Plaintiff's termination, in the State of Illinois, the Wage Payment and Collection Act, 820 ILCS 115/1 et seq.

24. Pursuant to that statute:

4

"§ 5. Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request."

25. The Defendants have failed and refused to make the payment of Plaintiff's final compensation, including salary and severance after due demand.

26. Pursuant to said statute, Defendants Olson and Stubblefield, officers of the employer, knowingly permitted ISS to violate the provisions of the Act by not paying the Plaintiff his final compensation.

27. Pursuant to the provisions of the statute, Plaintiff is entitled additional damages of 2% per month for each month that the amounts due are unpaid, plus costs and attorneys' fees.

**WHEREFORE,** VITO J. PARISE prays that the Court grant the following relief:

1. Enter judgment for Plaintiff and against defendants for actual damages including lost wages, benefits and severance in an amount due pursuant to the written Agreement of the parties, including interest until such amounts have been paid;

2. The 2% statutory damages and interest on the amounts unpaid from September 4, 2014;

3. Reasonable costs and attorney's fees to the Plaintiff; and

4. For such other and further relief to which this Court finds is due to Plaintiff.

## COUNT III

### RETALIATORY DISCHARGE FOR EXERCISING RIGHTS UNDER THE ILLINOIS WAGE PAYMENT & COLLECTION ACT AGAINST ALL DEFENDANTS

28. Plaintiff incorporates and realleges paragraphs 1 through 27 as though fully set forth in this Count III.

29. On or about September 1, 2014, Plaintiff complained to Defendants that he had not been paid the amount of his increased salary pursuant to his employment Agreement.

30. Defendants failed to pay Plaintiff his salary increase.

31. Instead, on or about September 4, 2014, Defendants Olson and Stubblefield met with Plaintiff and terminated his employment.

32. Pursuant to said statute, Defendants Olson and Stubblefield, officers of the employer, knowingly permitted ISS to violate the provisions of the Act by not paying the Plaintiff his final compensation and by retaliating against him for demanding the payment of his salary increase.

33. Pursuant to the provisions of that statute, it is unlawful for the employer to discriminate or retaliate against the employee for making a complaint to the employer that he has not been paid in accordance with the provisions of the statute.

34. Defendants unlawfully discriminated and retaliated against Plaintiff for demanding that he be paid the increased amount of his salary by terminating him.

35. Pursuant to the provisions of the statute, Plaintiff is entitled to additional damages of 2% per month for each month that the amounts due are unpaid, plus costs and attorneys' fees.

**WHEREFORE,** VITO J. PARISE prays that the Court grant the following relief:

1. Enter judgment for Plaintiff against all Defendants for actual damages including lost wages, benefits and severance in an amount due pursuant to the written Agreement of the parties, including interest until such amounts have been paid;

2. The 2% statutory damages and interest on the amounts unpaid from September 4, 2014;

3. Reasonable costs and attorney's fees to the Plaintiff; and

4. For such other and further relief to which this Court finds is due to Plaintiff.

**COUNT IV**

**TORTIOUS INTERFERENCE WITH EMPLOYMENT
EXPECTANCY AGAINST DEFENDANTS OLSON AND STUBBLEFIELD**

36. Plaintiff incorporates and realleges paragraphs 1 through 35 as though fully set forth in this Count IV.

37. Defendants Olson and Stubblefield were aware that Plaintiff had a valid and enforceable Agreement with ISS.

38. When Olson and Stubblefield terminated Plaintiff's employment, they told him that they knew he had severance pay provisions in his Agreement with ISS but they would not pay him any severance so he could go ahead and sue them.

39. Defendants Olson and Stubblefield intentionally and without justification caused ISS to breach its Agreement with Plaintiff, including the promise to pay severance.

40. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages.

7

**WHEREFORE**, VITO J. PARISE prays that the Court grant the following relief:

1.     Enter judgment for Plaintiff against Defendants Olson and Stubblefield for actual damages including lost wages, benefits and severance in an amount due pursuant to the written Agreement, including interest until such amounts have been paid;

2.     Compensatory damages, including for emotional distress, in an amount to be proven at trial;

3.     Punitive damages in an amount to be proven at trial; and

4.     For such other and further relief to which this Court finds is due to Plaintiff.

## COUNT V

## AGE DISCRIMINATION UNDER ADEA AGAINST ISS

41. Plaintiff incorporates and realleges paragraphs 1 through 40 as though fully set forth in this Count V.

42. At all relevant times Plaintiff was over the age of 40.

43. At all times Plaintiff met Defendant's legitimate work performance expectations.

44. Defendants terminated Plaintiff's employment under the pretext that his work performance was unsatisfactory.

45. Defendant has engaged in a pattern or practice of discriminating against older employees and treating younger employees more favorably.

46. Defendant ISS terminated Plaintiff's employment and refused to pay his severance because of his age in violation of the ADEA.

47. Defendant acted in willful disregard of Plaintiff's federally protected rights.

48. Plaintiff has exhausted his federal and state administrative remedies.

**WHEREFORE**, VITO J. PARISE prays that the Court grant the following relief:

1. Enter judgment for Plaintiff and against INTEGRATED SHIPPING SOLUTIONS, INC. for lost wages and benefits in an amount to be determined at trial.

2. Liquidated Damages;

3. Reinstatement, or front pay in lieu of reinstatement;

4. Interest on the amounts unpaid from September 4, 2014;

5. Reasonable costs and attorney's fees to the Plaintiff; and

6. For such other and further relief to which this Court finds is due to Plaintiff.

## COUNT VI

### AGE DISCRIMINATION UNDER THE
### ILLINOIS HUMAN RIGHTS ACT AGAINST ISS

49. Plaintiff incorporates and realleges paragraphs 1 through 48 as though fully set forth in this Count VI.

50. Defendant ISS terminated Plaintiff's employment and refused to pay his severance because of his age in violation of the Illinois Human Rights Act.

WHEREFORE, VITO J. PARISE prays that the Court grant the following relief:

1. Enter judgment for Plaintiff and against INTEGRATED SHIPPING SOLUTIONS, INC. for lost wages and benefits in an amount to be determined at trial;

2. Interest on the amounts unpaid from September 4, 2014;

3.      Compensatory damages in an amount to be proven at trial;

4.      Reinstatement, or front pay in lieu of reinstatement;

5.      Reasonable costs and attorney's fees to the Plaintiff; and

6.      Such other and further relief to which this Court finds is due to Plaintiff.


VITO J. PARISE


By: /S/Stephen G. Daday
        One of Plaintiff's Attorneys


Stephen G. Daday
Michael G. Aretos
Klein, Daday, Aretos & O'Donoghue, LLC
2550 W. Golf Road, Suite 250
Rolling Meadows, IL 60008
(847) 590-8700; Fax: (847) 590-6825
sdaday@skdaglaw.com


Michael J. Merrick
MERRICK LAW FIRM LLC
150 North Michigan Avenue, Suite 800
Chicago, Illinois 60601
Direct: (312) 269-9299
Main: (312) 269-0200
Fax: (312) 269-0800
merrick@merricklawfirm.com